UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ABU AL-MUMIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17 CV 1226 CDP |
| | ) | |
| NORM LORAINE, LEE | ) | |
| ENTERPRISES MISSOURI, INC., | ) | |
| ST. LOUIS POST DISPATCH, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Abu Al-Mumin has been employed by defendants Lee Enterprises

Missouri and the St. Louis Post Dispatch since 2001. Plaintiff is a union employee

represented by the Communication Workers of America, AFL-CIO, CLC, Local

14620, which is a party to a collective-bargaining agreement with the St. Louis

Post Dispatch. Plaintiff, an African American male, alleges race discrimination

under the Missouri Human Rights Act (MHRA) against his employer defendants

and his manager, defendant Norm Loraine. Plaintiff claims he was treated

differently in terms of his pay and work conditions on the basis of his race.

Plaintiff originally filed this lawsuit in Missouri state court. Defendants removed

the case under 28 U.S.C. § 1331, contending this Court has federal-question

jurisdiction because plaintiff's MHRA claims are completely preempted by § 301

of the Labor Management Relations Act (LMRA), 29 U.S.C. §185. Defendants

maintain that plaintiff's claims are preempted by the LMRA because they are

substantially dependent on an analysis of the collective-bargaining agreement

(CBA) governing the terms and conditions of plaintiff's employment.

The matter is before me now on plaintiff's motion to remand. Plaintiff

contends this case should be remanded as defendants do not meet their burden of

proof to show complete preemption by the LMRA. Plaintiff argues his claims do

not depend on the CBA, but arise out of the MHRA because they turn on the

motives and intentions of his employers. In opposition, defendants contend the

CBA controls plaintiff's claims because it contains provisions addressing wages,

seniority and job tasks.

I conclude this case is about racial discrimination in violation of the MHRA.

Defendants have not shown that plaintiff's claims are "inextricably intertwined"

with or substantially dependent on an analysis of the CBA. As defendants have not

met their burden to establish federal jurisdiction based on complete preemption by

the LMRA, I will grant plaintiff's motion to remand.

## Standard

As the parties removing this action, defendants have the burden of

establishing federal jurisdiction. *McNutt v. Gen'l Motors Acceptance Corp.*, 298

U.S. 178, 189 (1936); *Hartridge v. Aetna Casualty & Surety Co.*, 415 F.2d 809,

814 (8th Cir. 1969); *Sullivan v. First Affiliated Secs. Inc.*, 813 F.2d 1368 (9th Cir. 1987). Moreover, all doubts about removal must be resolved in favor of remand because removal statutes are strictly construed against removal. *See Shamrock Oil and Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *State of Missouri ex rel. Pemiscot County, Missouri v. Western Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995); *In re Business Men's Assurance Co. of Am.*, 922 F.2d 181, 183 (8th Cir. 1978) (per curiam).

A defendant may remove a civil action from state to federal court only if the action originally could have been filed in federal district court. *See* 28 U.S.C. § 1441(a). "Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* This rule means plaintiffs generally may avoid federal jurisdiction if they rely exclusively upon state law. *Id.* Furthermore, "[d]efendants are not permitted to inject a federal question into an otherwise state law claim and thereby transform the action into one arising under federal law." *Central Iowa Power Coop v.*

*Midwest Transmission System Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (internal quotations and citations omitted).

The corollary to the well-pleaded complaint rule, however, is the "complete preemption rule." The complete preemption doctrine holds that when Congress intends the preemptive force of a statute to be so extraordinary that it completely preempts an area of state law, any claim purportedly based on that preempted state law is considered from its inception, a federal claim, and therefore arises under federal law. *Caterpillar,* 482 U.S. at 393. The "complete preemption" rule applies only in limited circumstances. *Cochran v. Union Pac. R. Co.*, No. 10-0512-CV-W-FJG, 2010 WL 3398841, at *1–2 (W.D. Mo. Aug. 23, 2010).

## Discussion

Plaintiff argues that his claims are not preempted by the LMRA because he does not rely on rights created by the CBA or an interpretation of the CBA's terms.

Section 301(a) provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a). The Supreme Court has said that § 301(a) is "more than jurisdictional," however, in that it "authorizes federal courts to fashion a body of federal law for the enforcement of these collective bargaining

agreements." *Textile Workers Union of Am. v. Lincoln Mills of Ala.*, 353 U.S. 448,

451, (1957).

> [T]he subject matter of section 301(a) is peculiarly one that calls for uniform
> law. The possibility that individual contract terms might have different
> meanings under state and federal law would inevitably exert a disruptive
> influence upon both the negotiation and administration of collective
> agreements.... [W]e cannot but conclude that in enacting § 301 Congress
> intended doctrines of federal labor law uniformly to prevail over inconsistent
> local rules.

*Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas*

*Flour Co.*, 369 U.S. 95, 103-04, (1962) (internal quotation marks and citations

omitted).  Accordingly, "[s]ection 301 governs claims founded directly on rights

created by collective-bargaining agreements, and also claims 'substantially

dependent on analysis of a collective-bargaining agreement.'" *Williams*, 482 U.S.

at 394 (quoting *Int'l Bhd. of Elec. Workers, AFL-CIO v. Hechler*, 481 U.S. 851,

859 n.3 (1987)).

At dispute here is whether plaintiff's racial discrimination claims against

defendants are substantially dependent on an analysis of the CBA, for if a state-law

claim is inextricably intertwined with consideration of the terms of the labor

contract, it is preempted.  *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213,

(1985); *Markham v. Wertin*, 861 F.3d 748, 755 (8th Cir. 2017).

"The Supreme Court has underscored the point, however, that § 301 cannot

be read broadly to pre-empt nonnegotiable rights conferred on individual

employees as a matter of state law, and the Court has stressed that it is the legal

character of a claim, as independent of rights under the collective-bargaining

agreement … that decides whether a state cause of action may go forward."

*Markham*, 861 F.3d at 755 (internal quotations and brackets omitted) (citing

*Livadas v. Bradshaw*, 512 U.S. 107, 123-24 (1994)). *See Hawaiian Airlines v.*

*Norris,* 512 U.S. 246, 260 (1994) (noting a state law cause of action is not

preempted by the LMRA if it involves rights and obligations independent of the

CBA). "When the meaning of contract terms is not the subject of dispute, mere

reference to or consultation of a CBA plainly does not require the claim to be

extinguished." *Markham,* 861 F.3d at 755 (internal quotations and brackets

omitted) (citing *Livadas*, 512 U.S. at 124) ; *Gore v. Trans World Airlines,* 210 F.3d

944, 949 (8th Cir. 2000) ("mere need to reference or consult a collective

bargaining agreement during the course of state court litigation does not require

preemption"). Moreover, fact questions about an employer's conduct and motives

do not "require a court to interpret any term of a collective-bargaining agreement."

*Hawaiian Airlines,* 512 U.S. at 260 (internal quotation omitted); *Thomas v. Union*

*Pacific Railway Co.,* 308 F.3d 891, 893 (8th Cir. 2002).

Plaintiff's petition alleges that defendants discriminated against him on the

basis of his race in violation of the MHRA. Specifically, the petition states

defendants: "paid [plaintiff] less money than similarly situated non-African-

American employees who have less seniority," gave him "less desirable tasks than similarly situated non-African-American employees," and "treated him unfairly." (ECF No. 5 at ¶¶ 7-9). Defendants argue that proving plaintiff's claims requires an analysis of CBA provisions addressing job classifications, eligibility for wages, and seniority.

The mere need to reference the CBA in proving a claim, however, is insufficient to confer federal jurisdiction. Here, despite citing specific provisions, defendants establish nothing more than a tangential need to consult the CBA. Defendants do not show that plaintiff is claiming that his rights under the CBA were violated, nor have they shown that his discrimination claims depend on the meaning of a CBA provision. Although the CBA contains general descriptions of job classifications, wage schedules, and a reference to "priority" (which defendants indicate has a similar meaning to the term "seniority" used by plaintiff), none of the referenced provisions are "the subject of dispute." *See Markham,* 861 F.3d at 755.

Moreover, at no point in plaintiff's petition does he reference his union membership or any provision or term of the CBA. Instead, Plaintiff claims his right to be protected from unfair treatment arises under state law and turns on the conduct and intent of his employers. Defendants do not prove otherwise. Accordingly, plaintiff's allegations of racial discrimination are not "inextricably

intertwined" with or substantially dependent on the CBA and I will grant plaintiff's motion to remand. However, I will decline plaintiff's request for his attorney's fees and other expenses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [#13] is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants' request for oral argument on plaintiff's motion to remand is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of St. Louis County, State of Missouri, from which it was removed.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of October, 2017.